1   CHARLES F. PREUSS (State Bar No. 45783)
2   MICHAEL J. STORTZ (State Bar No. 139386)
    KRISTA L. COSNER (State Bar No. 213338)
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, California 94105
    Telephone: (415) 591-7500
5   Facsimile: (415) 591-7510

6   Attorneys for Defendants
    SMITHKLINE BEECHAM CORPORATION dba
7   GLAXOSMITHKLINE and McKESSON
    CORPORATION

8

9                   UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12   LEOLA MENEESE, next of kin to        Case No.
     SHARON MENEESE, deceased,
13                                        DECLARATION OF KRISTA L.
                   Plaintiffs,            COSNER IN SUPPORT OF NOTICE
14                                        OF REMOVAL AND REMOVAL,
           v.                             UNDER 28 U.S.C. § 1441(B)
15                                        (DIVERSITY) and 28 U.S.C. § 1441(C)
     SMITHKLINE BEECHAM                   (FEDERAL QUESTION) OF
16   CORPORATION dba                      DEFENDANT SMITHKLINE
     GLAXOSMITHKLINE; McKESSON            BEECHAM CORPORATION dba
17   PHARMACY SYSTEMS; and DOES 1         GLAXOSMITHKLINE
     through 15, inclusive,
18
                   Defendants.
19

20         I, KRISTA L. COSNER, declare:

21         1.      I am an attorney admitted to practice before all courts of the State of

22   California and am an Associate with Drinker Biddle & Reath, LLP, attorneys for

23   SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE ("GSK") and

24   McKESSON CORPORATION ("McKesson") (incorrectly sued as McKesson Pharmacy

25   Systems) (collectively, "Defendants") in this action. I make this Declaration based on

26   my personal knowledge, in support of Defendant GSK's removal of *Leola Meneese, et al.*

27   *v. GlaxoSmithKline, et al.*, San Francisco Superior Court Case Number CGC 08-472716,

28   to this Court. I would and could competently testify to the matters stated in this

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1   Declaration if called as a witness.

2       2.      A true and accurate copy of the Complaint in this action is attached as

3   **Exhibit A**.

4       3.      A true and accurate copy of the Defendants' Answer to the Complaint

5   ("Answer") in this action is attached as **Exhibit B**.  The Complaint and the Answer are

6   the only state court pleadings known to Defendants to have been filed in this action.

7       4.      A true and accurate copy of the Judicial Panel on Multidistrict Litigation's

8   Transfer Order, *In re Avandia Marketing, Sales Practices and Products Liability*

9   *Litigation*, MDL 1871 (E.D.P.A.) is attached as **Exhibit C**.

10      5.      The original Declaration of Greg Yonko In Support of Defendant's

11  SmithKline Beecham's Notice of Removal and Removal Action Under 28 U.S.C.

12  § 1441(b) (Diversity) and 28 U.S.C. § 1441(c) (Federal Question) of Defendant

13  SmithKline Beecham Corporation dba GlaxoSmithKline in *Dorothy Bone, et al. v.*

14  *SmithKline Beecham Corp., et al.* is attached as **Exhibit D**.

15      6.      This is one of many cases that have been filed recently in both federal and

16  state courts across the country involving the prescription drug Avandia.

17      7.      Plaintiff's counsel, Hersh & Hersh, has filed Avandia cases in both state

18  and federal courts, but only in the cases filed in California has Hersh & Hersh named

19  McKesson or any distributor as a defendant.

20      8.      GSK intends to seek the transfer of this action to that Multidistrict

21  Litigation, *In re Avandia Marketing, Sales Practices and Products Liability Litigation,*

22  MDL 1871, and shortly will provide the JPML with notice of this action pursuant to the

23  procedure for "tag along" actions set forth in the rules of the JPML.

24      9.      GSK is, and was at the time Plaintiff's commenced this action, a

25  corporation organized under the laws of the Commonwealth of Pennsylvania with its

26  principal place of business in Philadelphia, Pennsylvania, and therefore is a citizen of

27  Pennsylvania for purposes of determining diversity.

28  ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2

1    10.    McKesson was served with the Complaint on March 3, 2008.

2    I declare under penalty of perjury under the laws of the United States of America that

3    the foregoing is true and correct. Executed on this 1st day of April, 2008 in San Francisco,

4    California.

5

6

7    KRISTA L. COSNER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SFI\396273\1

3

DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL                    CASE NO.

# EXHIBIT A

NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
CYNTHIA BROWN, ESQ., State Bar No. 248846
HERSH & HERSH, A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6388
Telephone: (415) 441-5544

Attorneys for Plaintiff

**SUMMONS ISSUED**
**FILED**
San Francisco County Superior Court

FEB 2 8 2008

GORDON PARK-LI, Clerk
BY _____ Deputy Clerk
P. MAH

CASE MANAGEMENT CONFERENCE SET

AUG – 1 2008 -9:00 AM

DEPARTMENT 212

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### SAN FRANCISCO COUNTY

| | |
|---|---|
| LEOLA MENEESE, next of kin to SHARON MENEESE, deceased,<br><br>      Plaintiff,<br><br>vs.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, MCKESSON PHARMACY SYSTEMS, and DOES ONE through FIFTEEN, inclusive,<br><br>      Defendants. | CASE NUMBER<br>**CGC-08-472716**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**[PRODUCTS LIABILITY]**<br><br>1. Strict Liability-Failure to Warn<br>2. Negligence<br>3. Breach of Implied Warranty<br>4. Breach of Express Warranty<br>5. Fraud<br>6. Fraud by Concealment<br>7. Negligent Misrepresentation |

## DEMAND FOR JURY TRIAL

1.

Plaintiff herewith requests a trial by jury as to all issues of material fact.

## PARTIES

2.

Plaintiff LEOLA MENEESE is, and was, at all relevant times, a resident of California.

- 1 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

3.

Plaintiff's Decedent SHARON MENEESE was, at all relevant times, a resident of California.

4.

Plaintiff LEOLA MENEESE incurred extensive economic losses as a result of Plaintiff's Decedent, SHARON MENEESE, ingesting the prescribed AVANDIA and dying on March 19, 2006.

5.

Defendant GLAXOSMITHKLINE (GSK) is a corporation with its principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania 19101. GSK makes a variety of prescription drugs including those for Diabetes Mellitus.

6.

Defendant SMITHKLINE BEECHAM CORPORATION is a U.S. CORPORATION d/b/a GLAXOSMITHKLINE in California.

7.

Defendant McKESSON CORPORATION, ("McKESSON") is a corporation with its principal place of business located at One Post Street, San Francisco, California, 94104. At all times herein mentioned, Defendant McKESSON is, and was, engaged in the business of marketing, distributing, promoting, advertising and selling AVANDIA nationwide and in the State of California.

8.

Plaintiff does not know the true names of the Defendants sued herein as DOES ONE through FIFTEEN, inclusive.  Plaintiff alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and caused the injuries and damages sustained by Plaintiff as herein alleged.

9.

In engaging in the conduct alleged herein, each Defendant acted as the agent for each of the other Defendants.

- 2 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

10.

Defendants SmithKlineBeecham, GlaxoSmithKline, Inc., McKesson and Does One through Fifteen, inclusive, and each of them, will hereafter be referred to as "Defendants".

11.

At all times relevant to this action, Defendants, and each of them, intentionally, recklessly and/or negligently concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of AVANDIA and advertised, promoted, marketed, sold and distributed AVANDIA as a safe pharmaceutical when, in fact, Defendants, and each of them, knew that AVANDIA were not safe for its intended purposes and that AVANDIA would cause, and did cause, serious medical problems, and in some patients, serious, permanent heart injury.

12.

At all relevant times herein, Defendants, and each of them, at all times relevant herein, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce (including California) AVANDIA. Defendant McKesson has its principal place of business in San Francisco, California, and all said defendants do substantial business in the State of California, advertise in California, receive substantial compensation and profits from sales of AVANDIA in California.

## FACTUAL ALLEGATIONS

13.

In May 1999, Defendants, and each of them, sought and obtained Food and Drug Administration ("FDA") approval to market a drug manufactured, designed, distributed and sold by Defendants, and each of them, to diabetics purported to increase insulin sensitivity without causing serious effects, harm injury or death.

14.

Defendants, and each of them, as a result of strenuous marketing of said drug, AVANDIA, were able to capture a significant share of the market and generate billions of

- 3 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    dollars in income and profit as a consequence.

2                                    15.

3         Defendants, and each of them, have continued to reap substantial profits from said

4    drug, AVANDIA, from May of 1999 to the present. By at least September 2005,

5    Defendants, and each of them, knew, but had not disclosed, evidence from studies

6    conducted from 1999 through 2005 that demonstrated adverse cardiac events in consumers

7    attributable to the drug. Although Defendants, and each of them, had an analysis of 42

8    patient studies of AVANDIA it failed to disclose the full results of the study to the FDA,

9    doctors, and patients. The complete results of the study were not provided to the FDA for

10   another year.

11                                   16.

12        During the year 2006, after the Defendants, and each of them, were aware of the

13   study results, Defendant, and each of them, increased its sales of AVANDIA to a

14   distribution of approximately 13 (thirteen) million prescriptions in the United States. By

15   way of example in 2006 a month's supply of AVANDIA cost between $90 and $200.

16   Thereby Defendants, and each of them, were able to generate sales of $2.2 billion of this

17   drug in 2006.

18                                   17.

19        At all relevant times herein, AVANDIA was widely advertised by the Defendants,

20   and each of them, as an effective and safe treatment for diabetic patients. Said Defendants,

21   and each of them, minimized the risks posed to diabetic patients by ingestion of

22   AVANDIA. In August 2006, for the first time and as a result of external pressure,

23   Defendants, and each of them, disclosed full and complete results of the study (as in

24   paragraph 15 above) even though the Defendants, and each of them, were fully aware at

25   least since September 2005 of adverse cardiac events due to the drug AVANDIA. Said

26   Defendants, and each of them, concealed or minimized the known risks to diabetic patients

27   by ingestion of AVANDIA.

28   ///

_- 4 -_

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

18.

In doing so the Defendants, and each of them, concealed the known risks to diabetic patients and failed to warn of known and/or scientifically knowable dangers and risks associated with ingestion of AVANDIA.

19.

During all times herein, Defendants, and each of them, represented to Plaintiff's Decedent SHARON MENEESE and her physicians that AVANDIA was safe for the treatment of diabetes. AVANDIA is a prescription medication for diabetes.

21.

Plaintiff's Decedent SHARON MENEESE was prescribed and took AVANDIA commencing in 2005 and continued taking AVANDIA until her death March 19, 2006. As set above in paragraph 15, the Defendants, and each of them, knew that the product was unsafe for diabetic patients in general and capable of causing and did cause adverse cardiac events in exposed patients. In spite of the knowledge of the dangerous characteristics of said drug, and with conscious disregard for the health and safety of the public and of exposed patients who were prescribed and took AVANDIA, Defendants, and each of them, placed said drug on the market intending it to be sold to and used by diabetic patients and knowing that said use would occur.

22.

Defendants, and each of them, continued with its sale of AVANDIA after the preliminary disclosure to the FDA in August 2006. Knowing that its drug caused adverse cardiac events and that the diabetic patient population was not informed of the dangers, Defendants, and each of them, continued to expand sales of AVANDIA to existing and new patients.

23.

On May 21, 2007, Dr. Steven Nissen, a prominent cardiologist associated with the Cleveland Clinic, published a study in the New England Journal of Medicine with his analysis of the 42 studies conducted since 1999. Dr. Nissen's study disclosed to the public

- 5 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1    the increased risk of congestive heart failure and heart attack by patients taking AVANDIA,

2    dangers the Defendants, and each of them, had been aware of since at least 2005 and

3    probably before.

4                                                    24.

5        Plaintiff's Decedent SHARON MENEESE, while a resident of Oakland, California

6    was initially prescribed AVANDIA in tablet form by her physician beginning in 2005 until

7    her death March 19, 2006, when Defendants, and each of them, had failed to disclose to

8    patients and their physicians the true dangers of adverse cardiac events caused by ingestion

9    of the drug AVANDIA.

10                                                   25.

11       At all times relevant herein, Defendants, and each of them, failed to provide

12   sufficient warnings and instructions that would have put Plaintiff, Plaintiff's Decedent and

13   the general public, on notice of the dangers and adverse effects caused by ingesting

14   AVANDIA including, without limitation to, risk of heart attack, congestive heart failure,

15   and other adverse events including death.

16                                                   26.

17       AVANDIA as designed, manufactured, distributed, sold and/or supplied by

18   Defendants, and each of them, was defective as marketed due to inadequate warnings,

19   instructions, labeling and/or inadequate testing in the presence of Defendants' knowledge of

20   lack of cardiovascular safety.

21                                                   27.

22       As a result of Defendant's placing the aforesaid AVANDIA, into the stream of

23   commerce, Plaintiff's Decedent SHARON MENEESE was caused to suffer grievous,

24   serious, and severe injuries, including her death. Plaintiff LEOLA MENEESE was caused

25   to suffer grievous, serious, and severe injuries, and was caused to suffer and will continue

26   to suffer mental pain, all to her general damage in a sum within the jurisdiction of this

27   Court.

28   ///

- 6 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

28.

As a result of the herein described conduct and/or product of Defendants, and each of them, Plaintiff LEOLA MENEESE sustained injuries and damages as a result of the loss of the love, affection, care, society, attention, services, and support of Plaintiff's Decedent SHARON MENEESE, according to proof, in a sum within the jurisdiction of this Court.

29.

As a further result of the herein described conduct and/or product of Defendants, and each of them, Plaintiff LEOLA MENEESE has incurred funeral and burial expenses in a sum or sums according to proof.

30.

Defendants, and each of them, thereby acted with fraud, malice, oppression and a conscious disregard for Plaintiff and general public's safety, who accordingly requests that the trier of fact, in the exercise of sound discretion, award additional damages for the sake of example and for the purpose of punishing the Defendants, and each of them, for their conduct, in an amount sufficiently large to be an example to others and to deter the Defendants, and each of them, and others from engaging in similar conduct in the future. The aforesaid wrongful conduct was done with the advance knowledge, authorization, and/or ratification of an officer, director, and/or managing agent of Defendants.

## FIRST CAUSE OF ACTION

### [Strict Product Liability - Failure to Warn]

31.

Plaintiff LEOLA MENEESE hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-30, inclusive, of this Complaint.

32.

Defendants manufactured, sold and/or distributed AVANDIA to Plaintiff's Decedent SHARON MENEESE to be used to increase insulin sensitivity without causing serious effects, harm, injury or death.

- 7 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

HERSH&HERSH
A Professional Corporation

33.

At all times mentioned herein, AVANDIA was dangerous and presented a substantial danger to diabetic patients and these risks and dangers were known or knowable at the time of manufacture, sale or distribution to Plaintiff's Decedent SHARON MENEESE in 2005. Ordinary consumers would not have recognized the potential risks and dangers the AVANDIA posed to diabetic patients because its uses were specifically promoted to improve the health of diabetic patients. The AVANDIA was used in a way reasonably foreseeable to all Defendants, and each of them, by Plaintiff's Decedent SHARON MENEESE. Defendants, and each of them, failed to provide warnings of such risks and dangers to Plaintiff's Decedent SHARON MENEESE as described herein.

34.

As a result of the defective dangerous condition of AVANDIA manufactured and/or supplied by the Defendants, and each of them, Plaintiff's Decedent SHARON MENEESE suffered a heart attack and died March 19, 2006.

35.

As a result of Plaintiff's Decedent SHARON MENEESE ingestion of the defective AVANDIA, Plaintiff's Decedent SHARON MENEESE was caused to suffer the herein described injuries.

36.

As a result of Plaintiff's Decedent SHARON MENEESE ingestion of the defective AVANDIA and subsequent death, Plaintiff LEOLA MENEESE suffered serious and permanent harm by the death and loss of her daughter.

37.

In doing the acts herein described, the Defendants, and each of them, acted with oppression, fraud and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants, and each of them, and others from engaging in similar conduct in the future. Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of the Defendants.

- 8 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

38.

WHEREFORE, Plaintiff LEOLA MENEESE prays for judgment against Defendants and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### [Negligence]

39.

Plaintiff LEOLA MENEESE hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-38, inclusive, of this Complaint.

40.

Defendants, and each of them, and their representatives were manufacturers and/or distributors of AVANDIA. At all times herein, Defendants, and each of them, had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and prepare for use and sell the aforesaid product.

41.

Defendants, and each of them, so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied aforesaid product, that it was dangerous and unsafe for the use and purpose for which it was intended, that is, increasing insulin sensitivity without causing serious injury, harm, or effect including, but not limited to, death, in Plaintiff and others similarly situated. As a result of the carelessness and negligence of Defendants, and each of them, Plaintiff's Decedent SHARON MENEESE ingested the AVANDIA in the manner intended by the manufacturer, and, as a result, Plaintiff suffered the injuries and damages described herein.

42.

As a result of the carelessness and negligence of the Defendants, the aforesaid product caused Plaintiff LEOLA MENEESE to thereby sustain the damages and injuries as

- 9 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    herein alleged.

2                                    43.

3        WHEREFORE, Plaintiff LEOLA MENEESE prays for judgment against

4    Defendants, and each of them, as hereinafter set forth.

5                        **THIRD CAUSE OF ACTION**

6                        **[Breach of Implied Warranty]**

7                                    44.

8        Plaintiff LEOLA MENEESE hereby incorporates by reference, as if fully set forth

9    herein, each and every allegation contained in Paragraphs 1-43, inclusive, of this

10   Complaint.

11                                   45.

12       Defendants, and each of them, impliedly warranted that its AVANDIA, which

13   Defendants, and each of them, designed, manufactured, assembled, promoted, sold and

14   distributed to Plaintiff's Decedent SHARON MENEESE, were merchantable and fit and

15   safe for ordinary use. Defendants, and each of them, further impliedly warranted that its

16   AVANDIA was fit for the particular purpose of increasing insulin sensitivity in diabetic

17   patients without causing serious harm, injury or effect.

18                                   46.

19       Defendants' AVANDIA was defective, unmerchantable, and unfit for ordinary use

20   when sold, and unfit for the particular purpose for which they were sold, and subjected

21   Plaintiff's Decedent SHARON MENEESE to injury including death. Therefore,

22   Defendants, and each of them,  breached the implied warranties of merchantability and

23   fitness for a particular purpose when AVANDIA was sold to Plaintiff's Decedent, in that

24   the AVANDIA is defective and has failed to increase insulin sensitivity without serious

25   harm including but not limited to, death, in diabetic patients as represented and intended.

26                                   47.

27       Plaintiff LEOLA MENEESE and Plaintiff's Decedent SHARON MENEESE and

28   agents relied on the skill and judgment of the Defendants, and each of them, in using

                                    - 10 -

HERSH & HERSH
A Professional Corporation

1  aforesaid product, AVANDIA.

2                                    48.

3      As a result of Defendants, and each of them, breach of the implied warranties of

4  merchantability and fitness for a particular purpose, Plaintiff LEOLA MENEESE has

5  sustained and will continue to sustain the injuries and damages described herein and is

6  therefore entitled to compensatory damages.

7                                    49.

8      After Plaintiff LEOLA MENEESE was made aware Plaintiff's Decedent SHARON

9  MENEESE'S injuries and death were a result of the aforesaid product, AVANDIA,

10  Defendants, and each of them, had ample and sufficient notice of the breach of said

11  warranty.

12                                   50.

13      WHEREFORE, Plaintiff LEOLA MENEESE prays for judgment against

14  Defendants, and each of them, as hereinafter set forth.

15                      **FOURTH CAUSE OF ACTION**

16                      **[Breach of Express Warranty]**

17                                   51.

18      Plaintiff LEOLA MENEESE hereby incorporates by reference, as if fully set forth

19  herein, each and every allegation contained in Paragraphs 1-50, inclusive, of this

20  Complaint.

21                                   52.

22      Defendants, and each of them, expressly warranted to Plaintiff Decedent SHARON

23  MENEESE and/or her authorized agents or sales representatives, in publications, and other

24  communications intended for medical patients, and the general public, that AVANDIA was

25  safe, effective, fit and proper for its intended use.

26                                   53.

27      At the time of the making of the express warranties, Defendants, and each of them,

28  had knowledge of the purpose for which the aforesaid product, AVANDIA, was to be used

- 11 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1   and warranted the same to be, in all respects, fit, safe, and effective and proper for such

2   purpose. The aforesaid product, AVANDIA, was unaccompanied by warnings of its

3   dangerous propensities that were known or knowable at the time of distribution.

4                                   54.

5       Plaintiff LEOLA MENEESE and Plaintiff's Decedent physicians reasonably relied

6   upon the skill and judgment of Defendants, and each of them, upon said express warranty,

7   in using the aforesaid product. The warranty and representations were untrue in that the

8   product caused severe injury and death to Plaintiff's Decedent SHARON MENEESE and

9   was unsafe and, therefore, unsuited for the use in which it was intended and caused

10  Plaintiff's Decedent SHARON MENEESE to sustain damages and injuries herein alleged.

11                                  55.

12       As soon as the true nature of the product, and the fact that the warranty and

13  representations were false, were ascertained, said Defendants, and each of them, had ample

14  and sufficient notice of the breach of said warranty.

15                                  56.

16       WHEREFORE, Plaintiff LEOLA MENEESE prays for judgment against

17  Defendants, and each of them, as hereinafter set forth.

18                   **FIFTH CAUSE OF ACTION**

19                          **[Fraud]**

20                            57.

21       Plaintiff LEOLA MENEESE hereby incorporates by reference, as if fully set forth

22  herein, each and every allegation contained in Paragraphs 1-56, inclusive, of this

23  Complaint.

24                                  58.

25       Defendants, and each of them, falsely and fraudulently represented to Plaintiff's

26  Decedent SHARON MENEESE, her physicians, and to members of the general public that

27  the aforesaid product was safe, effective, reliable, consistent, and better than the other

28  similar products due to its ability to increase insulin sensitivity without causing serious

- 12 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSH AND HERSH
A Professional Corporation

harm when used in the manner intended by the manufacturer. The representations by said
Defendants, and each of them, were in fact, false. The true facts include, but are not limited
to the fact that the aforesaid product was not safe to be used and was, in fact, dangerous to
the health and body of Plaintiff's Decedent SHARON MENEESE.

59.

When the Defendants, and each of them, made these representations, they knew that
they were false. Defendants, and each of them, made said representations with the intent to
defraud and deceive Plaintiff LEOLA MENEESE, with the intent to induce plaintiff to act
in the manner herein alleged, that is to use the aforementioned product for increasing
insulin sensitivity.

60.

At the time Defendants, and each of them, made the aforesaid representations, and
Plaintiff's Decedent SHARON MENEESE took the actions herein alleged, Plaintiff
Decedent SHARON MENEESE and her physicians were ignorant of the falsity of these
representations and reasonably believed them to be true. In reliance upon said
representations, Plaintiff Decedent SHARON MENEESE was induced to, and did, use the
aforesaid product as herein described. If Decedent SHARON MENEESE had known the
actual facts, she would not have taken such action. The reliance of Decedent SHARON
MENEESE and her physicians upon Defendants, and each of them, representations were
justified because said representations were made by individuals and entities who appeared
to be in a position to know the true facts.

61.

As a result of Defendants, and each of them, fraud and deceit, Plaintiff LEOLA
MENEESE and Plaintiff's Decedent SHARON MENEESE were caused to sustain the
herein described injuries and damages.

62.

In doing the acts herein alleged, the Defendants, and each of them, acted with
oppression, fraud, and malice, and Plaintiff is therefore entitled to punitive damages to deter

- 13 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    Defendants, and each of them, and others from engaging in similar conduct in the future.

2    Said wrongful conduct was done with advance knowledge, authorization and/or ratification

3    of an officer, director and/or managing agent of Defendants.

4                                              63.

5          WHEREFORE, Plaintiff LEOLA MENEESE prays for judgment against

6    Defendants, and each of them, as hereinafter set forth.

7                            **SIXTH CLAIM FOR RELIEF**

8                            **[Fraud by Concealment]**

9                                              64.

10         Plaintiff LEOLA MENEESE hereby incorporates by reference, as if fully set forth

11   herein, each and every allegation contained in Paragraphs 1-63, inclusive, of this

12   Complaint.

13                                             65.

14         At all times mentioned herein, Defendants, and each of them, had the duty and

15   obligation to disclose to Plaintiff LEOLA MENEESE and Plaintiff's Decedent SHARON

16   MENEESE and to her physicians, the true facts concerning the aforesaid product,

17   AVANDIA, that is, that said product was dangerous and defective, lacking efficacy for its

18   purported use and lacking safety in normal use, and how likely it was to cause serious

19   consequences to users including serious and permanent injuries to the heart. Defendants,

20   and each of them, made the affirmative representations as set forth above to Plaintiff's

21   Decedent SHARON MENEESE and her physicians and the general public prior to the date

22   AVANDIA was ingested by Plaintiff's Decedent SHARON MENEESE, while concealing

23   material facts.

24                                             66.

25         At all times herein mentioned, Defendants, and each of them, willfully, and

26   maliciously concealed facts as set forth above from Plaintiff and his physicians, and

27   therefore, Plaintiff, with the intent to defraud as herein alleged.

28   ///

                                             - 14 -
                 COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

**67.**

At all times herein mentioned, neither Plaintiff's Decedent SHARON MENEESE nor her physicians were aware of the facts set forth above, and had they been aware of said facts, she would not have acted as she did, that is, would not reasonably relied upon said representations of safety and efficacy and utilized the AVANDIA for increasing insulin sensitivity. Defendants' representations were a substantial factor in Plaintiff's Decedent SHARON MENEESE utilizing AVANDIA for increasing insulin sensitivity.

**68.**

As a result of the concealment of the facts set forth above, Plaintiff LEOLA MENEESE and Plaintiff's Decedent SHARON MENEESE sustained injuries as hereinafter set forth.

**69.**

In doing the action herein alleged, Defendants, and each of them, acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendant's, and each of them, wealth, and sufficiently large to be an example to others, and to deter these Defendants, and each of them, and others from engaging in similar conduct in the future.

**70.**

WHEREFORE, Plaintiff LEOLA MENEESE prays for judgment against Defendants, and each of them, as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

**[Negligent Misrepresentation]**

**71.**

Plaintiff LEOLA MENEESE hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-70, inclusive, of this Complaint.

**72.**

At all relevant times herein, Defendants, and each of them, represented to Plaintiff

- 15 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

LEOLA MENEESE, Plaintiff's Decedent SHARON MENEESE and her physicians that the AVANDIA was safe to use to increase insulin sensitivity knowing that the AVANDIA was defective in causing injuries described herein.

73.

At all times mentioned herein, Defendant, and each of them, had the duty and obligation to disclose to Plaintiff LEOLA MENEESE and Plaintiff's Decedent SHARON MENEESE, and to her physicians, the true facts concerning the aforesaid product, AVANDIA, that is, that said product was dangerous and defective, lacking efficacy for its purported use and lacking safety in normal use, and how likely it was to cause serious consequences to users including injuries and death as herein occurred, to Plaintiff's Decedent SHARON MENEESE.  Defendants, and each of them, made the affirmative representations as set forth above to Plaintiff LEOLA MENEESE and Plaintiff's Decedent SHARON MENEESE, their physicians and the general public prior to the date AVANDIA was prescribed to Plaintiff's Decedent SHARON MENEESE, while concealing material facts.

74.

The Defendants, and each of them, made the aforesaid representations with no reasonable ground for believing them to be true when Defendants, and each of them, own data showed the AVANDIA to be defective and dangerous when used in the intended manner.

75.

The aforesaid representations were made to the physician prescribing AVANDIA prior to the date it was prescribed to Plaintiff's Decedent SHARON MENEESE and her physicians with the intent that Plaintiff's Decedent SHARON MENEESE and her physicians rely upon such misrepresentations about the safety and efficacy of AVANDIA. Plaintiff's Decedent SHARON MENEESE and her physicians did reasonably rely upon such representations that the aforesaid product was safe for use to aid in the treatment of increasing insulin sensitivity.

- 16 -

76.

The representations by said Defendants, and each of them, to Plaintiffs were false, and thereby caused Plaintiffs' injuries described herein.

77.

WHEREFORE, Plaintiff LEOLA MENEESE prays for judgment against Defendants, and each of them, as hereinafter set forth.

### PRAYER FOR RELIEF

78.

Plaintiff LEOLA MENEESE prays that a judgment be entered in favor of Plaintiff in such aggregate sum as will fairly and reasonably compensate Plaintiff for damages arising out of Defendants, and each of them, conduct as described herein. The conduct of Defendants, and each of them, as alleged herein, was a direct, proximate and producing cause of the damages to Plaintiff and the following general and specific damages:

1.  For general damages in a sum within the jurisdiction of this Court;

2.  For medical, hospital, and incidental expenses, according to proof;

3.  For loss of earnings and for loss of earning capacity, according to proof;

4.  For punitive or exemplary damages;

5.  For such other relief as the Court deems just and proper.

DATED:      February 28, 2008.

                                    HERSH & HERSH
                                    A Professional Corporation


                                    By _____
                                       CYNTHIA BROWN
                                       Attorneys for Plaintiff

- 17 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**EXHIBIT B**

1    DONALD F. ZIMMER, JR. (State Bar No. 112279)
2    KRISTA L. COSNER (State Bar No. 213338)
     DRINKER BIDDLE & REATH LLP
3    50 Fremont Street, 20th Floor
     San Francisco, California 94105
     Telephone: (415) 591-7500
4    Facsimile: (415) 591-7510

5    Attorneys for Defendants
     SMITHKLINE BEECHAM CORPORATION dba
6    GLAXOSMITHKLINE and McKESSON
     CORPORATION
7

**ENDORSED**
**F I L E D**
Superior Court of California
County of San Francisco

APR 0 1 2008

**GORDON PARK-LI, Clerk**
BY:   CAROLYN BALISTRERI
         Deputy Clerk

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF SAN FRANCISCO

11

| | |
|---|---|
| LEOLA MENEESE, next of kin to SHARON MENEESE, deceased, | Case No. CGC-08-472716 |
| Plaintiffs, | **ANSWER TO COMPLAINT BY DEFENDANTS SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE AND McKESSON CORPORATION** |
| v. | |
| SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE; McKESSON PHARMACY SYSTEMS; and DOES 1 through 15, inclusive, | |
| Defendants. | |

19                      **INTRODUCTION**

20       Defendants SMITHKLINE BEECHAM CORPORATION dba

21 GLAXOSMITHKLINE ("GSK") and McKESSON CORPORATION (improperly sued

22 as McKesson Pharmacy Systems) ("McKesson") (collectively, the "Defendants"), by and

23 through counsel, hereby respond to the allegations set forth by LEOLA MENEESE

24 ("Plaintiff") in her Complaint for Damages (the "Complaint") as follows:

25                     **GENERAL DENIAL**

26       By virtue of the provisions of California Code of Civil Procedure §431.30,

27 Defendants generally deny each and every allegation in the unverified Complaint that

28 relates to or is directed to Defendants or any of their alleged agents, servants or

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\396274\1

1   employees. Defendants further deny that Plaintiff has been damaged to any extent or

2   amount or is entitled to any relief whatsoever from Defendants.

3       Defendants additionally deny that there is any law, fact, theory or contractual or

4   legal relationship under which Plaintiff is entitled to damages in any amount by these

5   answering Defendants.

6       Defendants further allege the following affirmative defenses to Plaintiff's

7   Complaint:

8                          **AFFIRMATIVE DEFENSES**

9                       **FIRST AFFIRMATIVE DEFENSE**

10                             **(Improper Venue)**

11      Venue is improper.

12                      **FIRST AFFIRMATIVE DEFENSE**

13      **(Insufficiency of Process and Insufficiency of Service of Process)**

14      Process and service of process are insufficient under California law.

15                     **SECOND AFFIRMATIVE DEFENSE**

16                          **(Failure to State a Claim)**

17      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

18                     **THIRD AFFIRMATIVE DEFENSE**

19                  **(Preemption/Primary Jurisdiction)**

20      Plaintiff's claims are barred and/or this Court should defer this matter, in whole or

21  in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under

22  the law with regulating prescription drugs, including Avandia®, and is specifically

23  charged with determining the content of the warnings and labeling for prescription drugs.

24  The granting of the relief prayed for in the Plaintiff's Complaint would impede, impair,

25  frustrate or burden the effectiveness of such federal law and would violate the Supremacy

26  Clause (Art. VI, cl. 2) of the United States Constitution.

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\39627411

2

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Statute of Limitations/Repose)

3    Discovery may show that Plaintiff's claims are barred, in whole or in part, by

4  applicable statutes of limitations, statutes of repose, the doctrine of laches and/or as a

5  result of the failure to allege and/or comply with conditions precedent to applicable

6  periods of limitations and repose.

7

## FIFTH AFFIRMATIVE DEFENSE

8

### (Assumption of Risk)

9    Plaintiff knowingly and voluntarily assumed any and all risks as to matters alleged

10  in the Complaint, and such assumption of the risk bars in whole or in part the damages

11  Plaintiff seeks to recover herein.

12

## SIXTH AFFIRMATIVE DEFENSE

13

### (Contributory/Comparative Negligence)

14    At all times mentioned herein, Plaintiff was negligent, careless, and at fault and

15  conducted himself so as to contribute substantially to any alleged risk of injuries and

16  damages.  Said negligence, carelessness and fault of Plaintiff bars in whole or in part the

17  damages which Plaintiff seeks to recover herein.

18

## SEVENTH AFFIRMATIVE DEFENSE

19

### (Equitable Defenses)

20    Plaintiff's claims are barred by the doctrine of laches, estoppel, waiver, unclean

21  hands and/or failure to preserve evidence.

22

## EIGHTH AFFIRMATIVE DEFENSE

23

### (Improper Party Defendant)

24    McKesson is not a proper party defendant to this action.  McKesson was not

25  involved with Avandia®, a product of GSK.

26

## NINTH AFFIRMATIVE DEFENSE

27

### (Intervening, Superseding Cause)

28    The damages allegedly sustained by Plaintiff, if any, were not legally caused by

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

1  Defendants, but instead were legally caused by intervening and superseding causes or

2  circumstances.

### TENTH AFFIRMATIVE DEFENSE

### (Pre-existing Condition or Idiosyncratic Reaction)

The risk of injuries, if any, resulted from a pre-existing and/or related medical condition and/or idiosyncratic reaction and not from any act or omission by or on behalf of Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

Plaintiff's alleged injuries, losses, or damages, if any, were caused by the actions negligence, carelessness, fault, strict liability, or omissions of third parties for which Defendants have no control or responsibility.

### TWELFTH AFFIRMATIVE DEFENSE

### (Learned Intermediary)

Plaintiff's claims are barred in whole or in part by the learned-intermediary doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Compliance with FDA Regulations)

At all times relevant, the product was in accordance with and pursuant to all applicable statutes and regulations, including those of the Food and Drug Administration.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Immunity for Prescription Drugs and Medical Devices)

The Complaint and each cause of action thereof are barred by the doctrine of immunity for prescription drugs and medical devices, by the Commerce Clause, Article I, Section 8, of the Constitution of the United States as an undue burden upon interstate commerce and/or by the preemption doctrine in that Plaintiff has asserted claims for relief which, if granted, would constitute an impermissible burden by this court on federal laws, regulations and policy relating to the development and marketing of prescription

1  drugs and medical devices in violation of the Supremacy Clause, Article IV, Clause 2 of

2  the Constitution of the United States.

3  ### FIFTEENTH AFFIRMATIVE DEFENSE

4  ### (Restatements of Torts)

5       Defendants affirmatively plead the application of the Restatement (Second) of

6  Torts: Products Liability § 402A and comments thereto, and/or the Restatement (Third)

7  of Torts: Products Liability §§ 2, 4 and 6 and comments thereto.  Adequate warnings and

8  complete warnings were provided to Plaintiff's prescribing physician, and therefore, the

9  product was not defective or unreasonably dangerous.

10  ### SIXTEENTH AFFIRMATIVE DEFENSE

11  ### (State of the Art)

12       At all times material hereto, Defendants' conduct and GSK's product, Avandia®,

13  conformed to the state of the art.

14  ### SEVENTEENTH AFFIRMATIVE DEFENSE

15  ### (Limitations on Punitive Damages)

16       With respect to Plaintiff's demand for punitive or exemplary damages, Defendants

17  specifically incorporate by reference all standards of limitations regarding the

18  determination and enforceability of punitive damages awards, including but not limited

19  to, those standards of limitation which arose in *BMW of North America v. Gore*, 517 U.S.

20  559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424

21  (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003),

22  and *Philip Morris USA v. Williams*, 127 S.Ct. 1057 (2007).

23  ### EIGHTEENTH AFFIRMATIVE DEFENSE

24  ### (Punitive and Exemplary Damages Not Proper)

25       Plaintiff's claim for punitive damages violates, and it is therefore barred by, the

26  Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the

27  United States of America on grounds including the following:

28       a.      it is a violation of the Due Process and Equal Protection Clauses of the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

5

1  Fourteenth Amendment to the United States Constitution to impose punitive damages,

2  which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden

3  of proof which is less than the "beyond a reasonable doubt" burden of proof required in

4  criminal cases;

5        b.     the procedures pursuant to which punitive damages are awarded may result

6  in the award of joint and several judgments against multiple defendants for different

7  alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection

8  Clauses of the Fourteenth Amendment to the United States Constitution;

9        c.     the procedures pursuant to which punitive damages are awarded fail to

10  provide a reasonable limit on the amount of the award against defendant, which thereby

11  violates the Due Process Clause of the Fourteenth Amendment to the United States

12  Constitution;

13        d.     the procedures pursuant to which punitive damages are awarded fail to

14  provide specific standards for the amount of the award of punitive damages which

15  thereby violates the Due Process Clause of the Fourteenth Amendment to the United

16  States Constitution;

17        e.     the procedures pursuant to which punitive damages are awarded result in

18  the imposition of different penalties for the same or similar acts, and thus violate the

19  Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

20        f.     the procedures pursuant to which punitive damages are awarded permit the

21  imposition of punitive damages in excess of the maximum criminal fine for the same or

22  similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and

23  Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment

24  to the United States Constitution;

25        g.     the procedures pursuant to which punitive damages are awarded permit the

26  imposition of excessive fines in violation of the Eighth Amendment to the United States

27  Constitution;

28

1  h.  the award of punitive damages to plaintiff in this action would constitute a

2 deprivation of property without due process of law; and

3  i.  the procedures pursuant to which punitive damages are awarded permit the

4 imposition of an excessive fine and penalty

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Failure to Warn)

Defendants at all times discharged any duty to warn through appropriate and adequate warnings in accordance with federal statutes and regulations and with the then-existing states of medical and scientific knowledge.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud with Particularity)

Plaintiff has failed to plead a cause of action for fraud as they have not set forth allegations of fraud with the requisite particularity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Product Safety)

At all times relevant, Avandia® was not unreasonably dangerous or defective.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Party)

Complete relief cannot be accorded among those already parties and, in the alternative, the disposition of this action without the presence of additional, unnamed persons may result in Defendants being subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Set Off)

Defendants plead as a set off any monies received by Plaintiff for injuries or damages attributed to the subject incident, including, but not limited to, any insurance proceeds.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\396274\1

7

ANSWER TO COMPLAINT

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Lack of Causation)

Defendants assert that their conduct did not cause, proximately cause, solely cause, or solely proximately cause the injuries and/or damages alleged by Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Good Faith)

Defendants' acts were at all times done in good faith and without malice, with respect to each and every purported cause of action in Plaintiff's Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Unintentional Acts)

Any alleged act or omission by Defendants concerning the manufacture, distribution, marketing, and/or sale of Avandia® and/or any other conduct in relation thereto was at all times unintentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error, and Defendants made an appropriate correction, repair, replacement, or remedy to the goods once notified of the error.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Conformity with Medical Knowledge)

With respect to each and every purported cause of action in Plaintiff's Complaint, Defendants allege that the methods, standards, and techniques in the preparation of GSK's product, Avandia®, were and are in conformity with the generally recognized state of medical knowledge, common and accepted procedure in the medical field, and state of the art at the time of their preparation.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Equitable Indemnity)

In the event Defendants are held liable to Plaintiff, which liability is expressly denied, and any other entity is also found liable, Defendants are entitled to a percentage

1    contribution of the total liability from said entity in accordance with principles of

2    equitable indemnity and comparative contribution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Proposition 51)

5    The liability of Defendants, if any, for Plaintiff's non-economic loss must be

6    apportioned in accordance with the provisions of California Civil Code § 1431.2

7    ("Proposition 51").

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

10    Plaintiff's damages, if any, are barred in whole or in part by Plaintiff's failure to

11    mitigate such damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (No Notice of Breach of Warranty)

14    Plaintiff failed to give notice of any alleged breach of warranty.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Disclaimer of Warranty)

17    Defendants allege that any and all warranties that may form a basis for Plaintiff's

18    claims for relief were adequately disclaimed as stated by Defendants.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (No Reliance on Warranties)

21    Defendants deny that Plaintiff relied on any warranties alleged in the Complaint.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Unavoidable Circumstances)

24    The alleged injuries and/or damages of Plaintiff, if any, were the result of

25    unavoidable circumstances that could not have been prevented by anyone.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Misuse)

28    If Plaintiff sustained injuries or risk of injuries in this action, which allegations are

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

9

SF1\396274\1

1    expressly denied, the injuries or risk of injuries were solely caused by and attributable to

2    the unintended, unreasonable, and improper use which Plaintiff made of the product.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (No Strict Liability for Prescription Drugs)

5        The strict liability causes of action of Plaintiff's Complaint are subject to the

6    limitations placed upon the doctrine of strict product liability for a purported design

7    defect as set forth in *Brown v. Superior Court*, 44 Cal. 3d. 1049 (1988) and its progeny.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (*Buckman v. Plaintiff's Legal Community*)

10        To the extent Plaintiff's claims are based on alleged misrepresentations or

11    omissions made to the FDA, such claims are barred pursuant to *Buckman v. Plaintiff's*

12    *Legal Community*, 531 U.S. 341 (2001).

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Standing)

15        Plaintiff lacks standing to bring some or all of the claims alleged in the Complaint.

### FORTIETH AFFIRMATIVE DEFENSE

#### (Choice of Law)

18        (a)  Plaintiff's claims are not governed by the laws of the State of California.

19        (b) Defendants are entitled to the benefit of all defenses and presumptions

20    contained in, or arising from, any rule of law or statute of any other state whose

21    substantive law might control the action.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Other Defenses)

24        Defendants hereby give notice that they intend to rely upon any other affirmative

25    defenses pled by any other defendant and not pled by themselves in this action to the

26    extent they do not conflict with Defendants' own affirmative defenses.  Defendants

27    reserve their right to amend their Answer to assert any additional defenses and matters in

28    avoidance that may be disclosed during the course of additional investigation and

1    discovery.

2                               **JURY DEMAND**

3       Defendants request a trial by jury of this matter.

4                           **PRAYER FOR RELIEF**

5       WHEREFORE, Defendants pray:

6       1.     That the Complaint be dismissed with prejudice as to the answering

7    Defendants and that judgment be entered in their favor;

8       2.     For costs of suit incurred herein;

9       3.     And for such other relief as the Court may deem just and appropriate.

10

11

12    Dated: April 1, 2008                DRINKER BIDDLE & REATH LLP

13

14                                  DONALD F. ZIMMER, JR.

15                                  KRISTA L. COSNER

16                                  Attorneys for Defendants
SMITHKLINE BEECHAM
CORPORATION dba
GLAXOSMITHKLINE and McKESSON
CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, LEE ANN L. ALLDRIDGE, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On April 1, 2008, I caused to be served the following document(s):

**ANSWER TO COMPLAINT BY DEFENDANTS SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE AND McKESSON CORPORATION**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☑ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☐ BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐ BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Nancy Hersh
Mark E. Burton, Jr.
Rachel Abrams
Cynthia Brown
HERSH & HERSH
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102
Telephone: (415) 441-5544

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 1, 2008 at San Francisco, California.

LEE ANN L. ALLDRIDGE

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\397344\1

CERTIFICATE OF SERVICE

**EXHIBIT C**

10/18/2007 16:21 FAX 2025021 _____ JPHL    ☑002

# MDL 1871

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

7:23 am, Oct 16, 2007

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION
Sharon Ann Dabon v. GlaxoSmithKline, Inc.,           )
E.D. Louisiana, C.A. No. 2:07-3041                   )        MDL No. 1871
Celenio Cruz-Santana v. GlaxoSmithKline, PLC, et al., )
D. Puerto Rico, C.A. No. 3:07-1461                   )

### TRANSFER ORDER

Before the entire Panel[*]: Plaintiff in the action pending in the Eastern District of Louisiana, has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Puerto Rico or, alternatively, in the Eastern District of Louisiana. This litigation currently consists of moving plaintiff's action and one action pending in the District of Puerto Rico.[1] Plaintiff in the latter action supports centralization in the District of Puerto Rico. Plaintiffs in potential tag-along actions pending in the Central District of California, the Southern District of Florida, the District of New Jersey, the Southern District of New York, and the District of Puerto Rico have submitted responses in support of centralization. These plaintiffs suggest a variety of fora for transferee district, including the Southern District of Florida (favored by plaintiffs in the action pending in that district), the District of New Jersey (favored by plaintiff in the action pending in that district, as well as plaintiff in the Central District of California action), the Southern District of New York (favored by plaintiffs in eight actions pending in that district), and the District of Puerto Rico (favored by plaintiffs in the action pending in that district). Responding defendant SmithKlineBeecham Corp. d/b/a GlaxoSmithKline (GSK) initially opposed the Section 1407 motion, but now supports centralization in the Eastern District of Pennsylvania.

---

[*]    Judge Heyburn took no part in the disposition of this matter.

[1]    The Panel has been notified of 28 additional related actions pending in the Western District of Arkansas, the Central District of California (two actions), the Southern District of Florida (two actions), the Southern District of Illinois, the Southern District of Indiana, the Eastern District of Louisiana, the District of New Jersey, the Eastern District of New York, the Southern District of New York (ten actions), the Northern District of Ohio, the Eastern District of Oklahoma, the Eastern District of Pennsylvania, the District of Puerto Rico, the Eastern District of Tennessee, the Western District of Tennessee, and the Eastern District of Texas (two actions). These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

OFFICIAL FILE COPY

IMAGED OCT 16 2007

PLEADING NO. 22

-2-

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions arise from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. Centralization under Section 1407 will eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are also persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. GSK's principal place of business is located in that district, and thus many witnesses and documents relevant to the litigation are likely to be found there. In addition, one of the potential tag-along actions was commenced in the Eastern District of Pennsylvania.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*       J. Frederick Motz
Robert L. Miller, Jr.               Kathryn H. Vratil
David R. Hansen                     Anthony J. Scirica

**EXHIBIT D**

1   DONALD F. ZIMMER, JR. (State Bar No. 112279)
2   KRISTA L. COSNER (State Bar No. 213338)
    DRINKER BIDDLE & REATH LLP
3   50 Fremont Street, 20th Floor
    San Francisco, California 94105
4   Telephone: (415) 591-7500
    Facsimile: (415) 591-7510
5   Attorneys for Defendants
6   SMITHKLINE BEECHAM CORPORATION dba
    GLAXOSMITHKLINE and McKESSON
7   CORPORATION

8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12  DOROTHY BONE; DAVID COOK;            Case No.
    JESUS COTA; JO ELLEN GARNER;
13  BARRON GATTA; CATHY GRAY;            DECLARATION OF GREG YONKO IN
    FRANKLIN JENKINS; GREGORY            SUPPORT OF NOTICE OF REMOVAL
14  RODRIGUEZ; ROBERT RODRIGUEZ;         AND REMOVAL ACTION, UNDER 28
    ROGER TAVARES; LAVIOLA               U.S.C. § 1441(B) (DIVERSITY) and 28
15  TOWNSEND,                            U.S.C. § 1441(C) (FEDERAL
                                         QUESTION) OF DEFENDANT
16                   Plaintiffs,         SMITHKLINE BEECHAM
                                         CORPORATION dba
17         v.                            GLAXOSMITHKLINE

18  SMITHKLINE BEECHAM
    CORPORATION dba
19  GLAXOSMITHKLINE and McKESSON
    CORPORATION,
20
                     Defendants.
21

22         I, GREG YONKO, declare:

23         1.     I am Senior Vice President - Purchasing for McKesson Corporation

24  ("McKesson"), and make this declaration in support of the Notice of Removal and

25  Removal Action of defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline

26  ("GSK") based on my personal knowledge.

27         2.     I have been in my current position since 1997, and have been employed by

28  McKesson for over 25 years. As Vice President of Purchasing, I am responsible for

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\3917\301

1   purchasing prescription and non-prescription branded product management and

2   investment purchasing.

3       3.     McKesson was and is a Delaware corporation, with its principal place of

4   business in San Francisco, California.

5       4.     McKesson was served with the Summons and Complaint in this action on

6   October 24, 2007.

7       5.     McKesson consents to the removal of this action.

8       6.     McKesson is a wholesale distributor of pharmaceuticals, over-the-counter

9   and health and beauty products to chains, independent pharmacy customers and hospitals.

10  As a wholesale distributor, McKesson distributes products manufactured by others. As to

11  Avandia®, McKesson does not manufacture, produce, process, test, encapsulate, label, or

12  package, these products, nor does it make any representations or warranties as to the

13  product's safety or efficacy.

14      7.     McKesson distributed Avandia®, manufactured by GSK, along with many

15  other products of other pharmaceutical companies, to certain drug stores, pharmacies,

16  health care facilities and hospitals throughout the United States. As stated above,

17  McKesson did not manufacture, produce, process, test, encapsulate, label, or package

18  Avandia®, but only delivered the unopened boxes that contained the drug.

19      8.     McKesson is one of many suppliers who could have supplied Avandia® to

20  the numerous pharmacies throughout the United States.

21      I declare under penalty of perjury under the laws of the State of California that the

22  foregoing is true and correct, and this declaration was executed on November 16, 2007 in

23  San Francisco, California.

24

25                                          GREG YONKO

26

27

28